```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

VICTOR EBERT; PATRICIA STEINMETZ;
PETER CALCHERA; and JOHN FENNELL,          Index No. 11 CIV 4102

                Plaintiffs,

        -against-

HOLIDAY INN, FISHKILL, NEW YORK;
NOWAB HOTELS GROUP, INC.; BNG
HOSPITALITIES, INC.; BUSHRA JAVAID;
and ASIF JAVAID,

                Defendants.

-----------------------------------X
```

**DEFENDANTS' MEMORANDUM OF LAW**

**PRELIMINARY STATEMENT**

Defendants submit this Memorandum of Law in opposition to plaintiffs' application for summary judgment; and in support of their cross-motion for summary judgment dismissing certain of plaintiffs' several causes of action.

As the facts and circumstances underlying the parties' respective claims and defenses are set forth in the affidavits and affirmation submitted by defendants herewith, and the exhibits referred to therein, they will not be repeated at length herein.

**LEGAL ARGUMENT**

**POINT I**

**PLAINTIFF EBERT IS AN EXEMPT EMPLOYEE AND THUS, NOT ENTITLED TO BE PAID OVERTIME WAGES AS OTHERWISE REQUIRED BY THE APPLICABLE PROVISIONS OF FLSA**

As reflected by the undisputed facts set forth in the affidavits of defendant Javaid and Donald Sagaria, plaintiff Ebert was an employee who acted in a "bona fide executive, administrative, or professional capacity", and was thus exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 USC §213 [a](1).

"An 'employee employed in a bona fide administrative capacity' is defined as an employee earning not less than $455 per week, '[w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers,' and who

exercises discretion and independent judgment in performing his or her duties (29 CFR § 541.200 [a] [2]). To prove that a plaintiff is an exempt employee under 29 USC § 213 (a) (1), a defendant must show that the plaintiff was paid on a salary basis and performed administrative duties (see 29 CFR § 541.200)." Lichtman v Martin's News Shops Mgt., Inc., 81 A.D.3d 696 (2d Dept. 2011). See also Krumholz v. Village of Northport, 873 F. Supp. 2d 481 (E.D.N.Y. 2012); Matter of Strader v. Commissioner of Labor, 49 A.D. 3d 1120 (3rd Dept. 2008).

Here, there is no question but that Mr. Ebert met the requirements necessary to be deemed an exempt employee. He made far in excess of $455.00 per week; he performed non-manual work directly related to the management of the Holiday Inn-Fishkill; and was entrusted with and exercised discretion and independent judgment as exemplified by his (i) preparation of important and significant reports; (ii) his negotiation of nearly $40,000.00 of checks over a 3 month period; (iii) his designation as a signatory to BNG's checking accounts; and (iv) his supervision and maintenance of the hotel's petty cash system and reimbursement protocol.

Under these circumstances, Mr. Ebert is not an employee covered by the overtime provisions of FLSA and thus, his cause of action based upon defendants' alleged violation thereof must be dismissed.

**POINT II**

**DEFENDANT BNG WAS EXCUSED FROM PERFORMING ITS OBLIGATIONS UNDER THE SEVERAL EMPLOYMENT CONTRACTS WITH PLAINTIFFS DUE TO THE LOSS OF THE HOLIDAY INN-FISHKILL**

As reflected by the Javaid Affidavit, defendants Landbrook and BNG suffered the total loss of the Holiday Inn-Fishkill as a result of the wrongful release of the Deed in Lieu of Foreclosure from escrow. Moreover, given the fact that Landbrook was not in default under the terms of the Forbearance Agreement at the time the employment contracts were made, it cannot be said that the parties contemplated such an event.

"Generally, however, the excuse of impossibility of performance is limited to the destruction of the means of performance by an act of God, *vis major*, or by law (*International Paper Co.* v. *Rockefeller*, 161 App. Div. 180, 184; 6 Williston, Contracts [Rev. ed.], § 1935; 10 N. Y. Jur., Contracts, § 357; Restatement, Contracts, § 457)." <u>407 East 61st Garage, Inc. v. Savoy Fifth Avenue Corporation</u>, 23 N.Y. 2d 275 (1968).

See also <u>Brownell v. Board of Education</u>, 239 N.Y. 369 (1925); and <u>Goddard v. Ishikawajima-Harima Heavy Industries Co.</u>, 29 A.D. 2d 754 (1st Dept. 1968).

Clearly, the loss of the Holiday Inn-Fishkill was an act of total destruction of the means by which BNG was to perform its obligations under the contracts. Without the ownership, control and

the business revenue generated by the Holiday Inn-Fishkill, an unanticipated event, it was impossible for BNG to perform its obligations under the contracts. Moreover, the loss of revenue and income was not one due to a poor economy or downturn of business. Rather, it was a complete loss of the property, similar to a fire or other total casualty. Under these circumstances, BNG is entitled to excuse its failure of performance on the ground of impossibility.

As such, all of the plaintiffs' claims arising out of breach of contract, including damages for lost earnings over the terms of the contracts, as well as they alleged claim for vacation pay, must fail.

## POINT III

### PLAINTIFF CALCHERA HAS FAILED TO SHOW THAT THE REQUIREMENTS OF 29 USC §1161 (COBRA NOTIFICATION) APPLY TO THESE DEFENDANTS

As demonstrated by the papers submitted herewith, in order for the requirements of 29 USC §1161 to plaintiff Calchera's claim that he was entitled to notice of his right to continue his group health insurance plan, it was incumbent upon him to demonstrate a number of facts as set forth in the statute. Not only has plaintiff Calchera failed to make such a showing, he has not even alleged such facts. As such, plaintiffs have failed to show that they are entitled to the relief set forth in 29 USC §1161 as a matter of law, and thus their application for damages allegedly arising

therefrom must be denied.

## POINT IV

**PLAINTIFFS ARE NOT ENTITLED TO LEGAL FEES**

Given their inability to demonstrate the defendants' violation of the FLSA; the New York Labor Law; or the provisions of ERISA governing COBRA notification, it is clear that plaintiffs have failed to show that they are entitled to recover legal fees under the provisions of those statutes, or any other applicable law. As such, their request for an award of any legal fees must be denied.

## CONCLUSION

Based upon the foregoing facts and legal principles, it is respectfully submitted the plaintiffs' motion for an order granting it summary judgment be denied in its entirety; and that the defendants' cross-motion for summary judgment dismissing plaintiffs' causes of action based upon overtime pay; unpaid wages and vacation pay; and breach of contract be granted, together with such other and further relief as the Court deems just and equitable.

Dated: July 1, 2013
       Fishkill, New York

                                    Respectfully submitted,

                                    RONALD K. FRIEDMAN, ESQ., PLLC

                                    By: /s/
                                    Ronald K. Friedman, Esq. (RKF 4937)
                                    Attorney for Defendants
                                    1073 Main Street, Suite 205
                                    Fishkill, New York 12524
                                    (845) 897-4001