```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
VICTOR EBERT; PATRICIA STEINMETZ;                       :
PETER CALCHERA; and JOHN FENNELL,                       :
                                                        :
                              Plaintiffs,               :       11-CV-4102 (VSB)
                                                        :
              - against -                               :         ORDER
                                                        :
HOLIDAY INN, FISHKILL, NEW YORK;                        :
NOWAB HOTELS GROUP, INC.; BNG                           :
HOSPITALITIES, INC.; BUSHRA JAVAID;                     :
and ASIF JAVAID,                                        :
                                                        :
                              Defendants.               :
                                                        :
------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __11/18/2014__

Appearances:

Todd Jamie Krakower
Andrea Marie Moss
Krakower DiChiara LLC
Park Ridge, New Jersey

Michael Raymond DiChiara
Joseph and Herzfeld
New York, New York
*Counsel for Plaintiffs*

Michael Howard Sussman
Sussman & Watkins
Goshen, New York

Ronald Kent Friedman
Ronald K. Friedman, Esq. PLLC
Fishkill, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

       Plaintiffs Victor Ebert ("Ebert"), Patricia Steinmetz ("Steinmetz"), Peter Calchera

("Calchera"), and John Fennell ("Fennell") (collectively, "Plaintiffs") commenced this action

against Defendants Holiday Inn, Fishkill, New York ("Holiday Inn"), Nowab Hotels Group, Inc. ("Nowab"), BNG Hospitalities, Inc. ("BNG"), Bushra Javaid and Asif Javaid (collectively, "Defendants") stating claims under the Fair Labor Standards Act ("FLSA"), the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), and the New York Labor Law ("NYLL"), as well as a state law claim for breach of contract.

On January 31, 2014, Judge Edgardo Ramos granted in part and denied in part Plaintiffs' Motion for Summary Judgment.[1] (Doc. 22.) Specifically, Judge Ramos denied summary judgment to Plaintiffs on their NYLL claim and Plaintiff Calchera on his COBRA claim (*id*. at 26), however, the parties later dismissed these claims on consent. (7/29/14 Settlement Tr. 2:11-15.)[2] Judge Ramos also granted summary judgment to Plaintiffs on their breach of contract claims and Plaintiff Ebert on his FLSA claim. (Doc. 22.) Liability against all Defendants on the FLSA and breach of contract claims was established, and damages was the only issue that remained for determination. (Doc. 22.)

On April 18, 2014 Defendants requested clarification from Judge Ramos regarding which of the Defendants were liable for the breach of contract and FLSA claims. (Doc. 74-5.) On April 25, 2014, Judge Ramos explained that he "made it clear at the March 21, 2014 pretrial conference that [the] Summary Judgment Order applies to <u>all</u> defendants." (Doc. 74-6 (emphasis in original).)

The parties were scheduled to begin trial on July 29, 2014 relating to the issue of damages. The day that trial was to commence, the parties engaged in settlement discussions, after which they agreed on the record to the following terms:

(1) the parties stipulated to damages in the amount of $205,000 for full

---

[1] This case was reassigned to me from Judge Ramos on June 6, 2014.

[2] "7/29 Settlement Tr." refers to the record of proceedings of the trial held on July 29, 2014. (Doc.75-1.)

>    satisfaction of Plaintiffs' claims; and
>
> (2) the parties agreed to enter a Judgment against Defendants in the amount of $205,000.00, following the resolution of Defendants' intended motion for reconsideration of whether Bushra Javaid is a proper defendant in this matter. (Doc. 67; Doc. 75 ¶¶ 3-4.)

On August 14, 2014, Plaintiffs submitted a pre-motion letter setting forth the proposed briefing schedule relating to Defendant Bushra Javaid's intended motion for reconsideration; and requesting leave to move to set aside all conveyances by Defendants of funds received from settlements related to the Holiday Inn takeover in 2010 and to restrain Defendants from disposing of property in the future. (Doc.58.) According to Plaintiffs, "Defendants have . . . repeatedly indicated that they brought at least two (2) actions to recover damages related to the takeover of the Holiday Inn in December 2010 . . . ." (Doc. 74 ¶ 16; *see also* Doc. 58 at 2.) "[A]ll such actions have settled," however, it is Plaintiffs' belief that "substantial portions of the assets Defendants were awarded as damages in the Holiday Inn suits were disposed of quickly, secretly, and with intent to evade the Judgment of this Court in the event a liability finding against them was rendered in the present matter." (Doc.74 ¶¶ 17-18; Doc.58 at 2.)

By letter dated August 16, 2014, counsel for Defendants objected to Plaintiffs' proposed motion on the basis that the terms of the settlement agreement contemplated that I retain jurisdiction over this matter to determine whether Bushra Javaid is or is not a proper defendant. (Doc. 59.) On August 28, 2014 I held a status conference with the parties to discuss the proposed motions and directed the parties to review the transcript setting forth the terms of the settlement agreement. Plaintiffs informed me, by letter dated September 15, 2014, that the transcript reflected the parties' agreement to enter a judgment for the sum of $205,000 after I decide Defendant Bushra Javaid's proposed motion for reconsideration. (Doc. 67.) However, the parties did not reach agreement regarding the propriety of Plaintiffs' proposed motion. (*Id.*)

3

On September 19, 2014 I directed the parties to brief both of their proposed motions simultaneously as follows:  (1) motions due October 18, 2014; (2) oppositions due November 18, 2014; and (3) replies due December 10, 2014.  (Doc. 70.)

Plaintiffs filed their Motion for an Order of Attachment and for Limited Expedited Discovery on October 17, 2014.  (Doc. 72.)  By declaration dated October 22, 2014, counsel for Plaintiffs indicated that Defendants "willfully failed to file any motion regarding whether Bushra Javaid is a proper defendant in this matter by the agreed-upon date of October 18, 2014."  (Doc. 75 ¶ 7.)  Since Defendants did not file their intended motion, Plaintiffs assert that there is nothing to preclude me from entering a Final Judgment, and request that I do so in favor of Plaintiffs and against all Defendants in the amount of $205,000.00.  (Doc. 75 ¶ 8.)

On October 24, 2014, I ordered Defendants to show cause in writing, on or before October 27, 2014, why Final Judgment in the amount of $205,000.00 should not be entered.  (Doc. 76.)  Defendants failed to show cause in writing, as directed, by October 27, 2014, or to respond in any way to my order.  Accordingly, Plaintiffs renewed their request, by letter dated November 4, 2014, that I enter Final Judgment against all Defendants in the amount of $205,000.00.  To date, Defendants have not complied with my directive, and Defendant Bushra Javaid has not filed a motion for reconsideration.  I find that Defendants had ample time to alert me as to their intentions regarding Defendant Bushra Javaid's proposed motion for reconsideration, failed to do so, and have therefore foregone the filing of this proposed motion.

This Court, by January 31, 2014 Memorandum Opinion and Order, having granted Plaintiffs' Motion for Summary Judgment on Plaintiffs' breach of contract claims and Plaintiff Ebert's FLSA claim against all Defendants, Defendant Bushra Javaid, having failed to file her proposed motion for reconsideration, and the parties having stipulated to damages in the amount

4

of $205,000.00, I find that there are no outstanding claims remaining in this action, and

JUDGMENT IS HEREBY ENTERED in favor of Plaintiffs Victor Ebert; Patricia Steinmetz;

Peter Calchera; and John Fennell against Defendants Holiday Inn, Fishkill, New York; Nowab

Hotels Group, Inc.; BNG Hospitalities, Inc., Bushra Javaid; and Asif Javaid in the amount of

$205,000.00.  As such, Plaintiffs' Motion for an Order of Attachment and for Limited Expedited

Discovery is hereby DENIED without prejudice, as moot.

    The Clerk of the Court is respectfully requested to terminate the pending motion, (Doc.

72), and close this action.


SO ORDERED.

Dated: November 18, 2014
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge